[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER OF RENAND
The Administrator determined that the claimant had received an overpayment of $5,062 and also imposed a penalty of 39 weeks. The claimant states that he reported his part time income on the questionnaire submitted to initiate the claim process. He further claims that the weekly forms specifically asks for income not previouslyreported. The appeals referee states "However, the plain and simple language used in question number 6 does not contain the phrase "not previously reported' or language that could reasonably be interpreted as such." None of these documents, the application or the weekly forms are contained in the record submitted to the Court, nor are the Central Connecticut State University pay stubs submitted by the claimant.
General Statutes 31-249b requires that "the record shall consist of . . . all documents admitted into evidence before the referee and the board or both. It is clear that these documents are self descriptive and form a basis for the issues presented by this appeal. The court cannot discern a reason why these self-proving documents were not included in the record, as they are the basis for the administrator's interpretation as to what they say. CT Page 13702
General Statutes 31-249b provides that "The court may remand the case to the board . . . for such limited purpose as the Court may prescribe." The Court remands the case to the board for the purpose of completing the record so as to include the application for benefits and the weekly claim forms submitted by the claimant; the Central Connecticut State University pay stubs and any other documents filed in this matter.
L. Paul Sullivan, J.